IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEBRASKA
OMAHA DIVISION

| | | |
|---|---|---|
| MINNESOTA LIFE INSURANCE COMPANY, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 8:21-cv-15 |
| ESTATE OF MOLLY R. STACEY, COURTNEY R. STACEY, AUSTIN J. STACEY, MARK A. MEYER, and STEVEN GREG MEYER, | § § § § § § | |
| Defendants. | § § | |

## COMPLAINT FOR INTERPLEADER

Plaintiff Minnesota Life Insurance Company ("Minnesota Life" or "Plaintiff"), pursuant to 28 U.S.C. § 1335, files this Complaint For Interpleader against the Estate of Molly R. Stacey, Courtney R. Stacey, Austin J. Stacey, Mark A. Meyer, and Steven Greg Meyer (collectively "Defendants"), and, in so doing states as follows:

**I.     NATURE OF THE ACTION**

1.     This is an interpleader action to resolve competing claims among potential beneficiaries to three Minnesota Life contracts (the "Interpled Contracts"): (1) a Life Insurance Policy Number 2484040N, valued at $250,250.00 plus interest; (2) Annuity Contract Number A063176, valued at $210,196.21 plus accrued value; and (3) Annuity Contract Number A102690, valued at $622,210.01 plus accrued value.[1]

---

[1] All contract values are as of December 16, 2020.

1

2. Defendants are involved in Nebraska State Court Case ID CI170001885 (the "Lawsuit") in the District Court of Sarpy County, involving the actions and assets of Molly R. Stacey, now deceased.

3. The District Court has issued orders in the Lawsuit potentially impacting the Interpled Contracts by declaring Ms. Molly R. Stacey incompetent and subject to undue influence at the time of critical transactions pertaining to the Interpled Contracts.

4. Minnesota Life is not a party to the Lawsuit, may not intervene in the Lawsuit pursuant to Neb. Rev. Stat. § 25-328, and will not be relieved from potential multiple liability by any order issued by the District Court.

5. The Lawsuit is presently on appeal before the Nebraska appellate courts.

6. Mr. G. Meyer and Mr. M. Meyer have signed a Conveyance of Interest; however, it does not waive all claims to the Interpled Contracts in the event of a successful appeal.

7. The Lawsuit and subsequent actions of the Defendants have exposed Minnesota Life to potential multiple liability. Minnesota Life may be prejudiced if it conveys the Interpled Contracts or their proceeds to one or some of the Defendants in the absence of clear guidance from the Court as to which of the Defendants is legally entitled to the Interpled Contracts, and in what amount.

8. As Defendants are residents of several different states, federal jurisdiction is appropriate and most convenient to resolve claims and release Minnesota Life under the process and procedure established pursuant to 28 U.S.C. § 2361.

## II. JURISDICTION AND VENUE

9. Minnesota Life is a corporation existing under the laws of the state of Minnesota with a principal place of business in St. Paul, Minnesota.

10. Upon information and belief, the Estate of Molly Stacey was formed in Nebraska and Mark J. Malousek serves as Special Administrator.

11. Upon information and belief, Courtney R. Stacey ("Ms. C. Stacey") is a citizen of the State of Missouri as she is a natural person who resides in Missouri.

12. Upon information and belief, Austin J. Stacey ("Mr. A. Stacey") is a citizen of the State of Florida as he is a natural person who resides in Florida.

13. Upon information and belief, Mark A. Meyer ("Mr. M. Meyer") is a citizen of the State of Nebraska as he is a natural person who resides in Nebraska.

14. Upon information and belief, Steven Greg Meyer ("Mr. G. Meyer") is a citizen of the State of Nebraska as he is a natural person who resides in Nebraska.

15. Jurisdiction of this action is proper in this Court as it meets the jurisdictional requirements of 28 U.S.C. § 1335.  At least two of the Defendants are citizens of different states, and the amount in controversy exclusive of interest, costs, and fees, is $1,082,656.22, which exceeds $500.

16. Venue is proper in this Court under 28 U.S.C. § 1397 because at least one Defendant lives in Sarpy County, Nebraska.

## III. BACKGROUND

### A. The Life Policy

17. On or about November 26, 2009, Molly R. Stacey (the "Decedent") was issued a Minnesota Life Flexible Premium Universal Life Policy, Policy Number 2484040N (the "Life Policy") for a Face Amount of $250,000.00. A true and correct copy of the Life Policy is attached as Exhibit A. [2]

18. On or about July 16, 2013, Minnesota Life received a Beneficiary Change Request from the Decedent. A true and correct copy of the July 16, 2013 Beneficiary Change Request is attached as Exhibit B.

19. The July 16, 2013 Beneficiary Change Request designated the following beneficiaries for the Life Policy:

    a. Ms. C. Stacey, the Decedent's daughter, as 50% beneficiary;

    b. Mr. A. Stacey, the Decedent's son, as 50% beneficiary.

20. On or about October 15, 2017, Minnesota Life received a Beneficiary Change Request from the Decedent. A true and correct copy of the October 15, 2017 Beneficiary Change Request form is attached as Exhibit C.

21. The October 15, 2017 Beneficiary Change Request designated the following beneficiaries for the Life Policy:

    a. Ms. C. Stacey as 33.33% beneficiary;

    b. Mr. A. Stacey as 33.33% beneficiary;

    c. Mr. M. Meyer, the Decedent's stepson, as 33.33% beneficiary.

---

[2] All exhibits have been redacted to protect confidentiality.

22. The Life Policy has a Death Benefit of $250,000.00, return of premium valued at $250.00, and has accrued interest and will continue to accrue interest until paid.

**B.     The A063176 Annuity**

23. On or about January 22, 2015, the Decedent applied for a Minnesota Life MultiOption Extra Non-Qualified Annuity, contract number A063176 (the "A063176 Annuity"). A true and correct copy of the January 22, 2015 application is attached as Exhibit D.

24. On or about January 30, 2015, the Decedent was issued the A063176 Annuity Contract. A true and correct copy of A063176 Annuity Contract is attached as Exhibit E.

25. The January 22, 2015 application designated Ms. C. Stacey as the 100% beneficiary of the A063176 Annuity. *See* Exhibit E.

26. On or about October 17, 2017, Minnesota Life received a Beneficiary Change Request for the A063176 Annuity. A true and correct copy of the October 17, 2017 A063176 Annuity Beneficiary Change Request is attached as Exhibit F.

27. The October 17, 2017 A063176 Annuity Beneficiary Change Request designated Mr. G. Meyer, her husband, as the 100% beneficiary of the A063176 Annuity.

28. The A063176 Annuity is a variable annuity subject to market fluctuations and may increase or decrease value over time.

29. As of December 16, 2020, the A063176 Annuity has a current value of $210,196.21, however, this value will continue to vary in accordance with the performance of the investment sub-accounts selected by the annuity contract owner.

**C.     The A102690 Annuity**

30. On or about August 16, 2016, the Decedent applied for a Minnesota Life MultiOption Guide B Individual Retirement Account ("IRA"), contract number A102690 (the

"A102690 Annuity"). A true and correct copy of the August 16, 2016 application is attached as Exhibit G.

31. On or about August 22, 2016, the Decedent was issued the A102690 Annuity and Contract. A true and correct copy of A102690 Annuity Contract is attached as Exhibit H.

32. The August 16, 2016 application designated Ms. C. Stacey as the 100% beneficiary of the A102690 Annuity. *See* Exhibit G.

33. On or about October 17, 2017, Minnesota Life received a Beneficiary Change Request for the A102690 Annuity. A true and correct copy of the October 17, 2017 A102690 Annuity Beneficiary Change Request is attached as Exhibit I.

34. The October 17, 2017 A102690 Annuity Beneficiary Change Request designated the following beneficiary for the annuity:

    a. Mr. G Meyer as 50% beneficiary;

    b. Ms. C. Stacey as 25% beneficiary;

    c. Mr. A. Stacey as 25% beneficiary.

35. The A102690 Annuity is a variable annuity subject to market fluctuations and may increase or decrease value over time.

36. As of December 16, 2020, the A102690 Annuity has a current value of $622,210.01, however, this value will continue to vary in accordance with the performance of the investment sub-accounts selected by the annuity contract owner.

**D.     Procedural Posture of the Lawsuit**

37. On or about October 14, 2017, the Decedent married Mr. G. Meyer.

38. On or about October 23, 2017, the Decedent died.

39. On or about November 2, 2017, the Estate of Molly R. Stacey, Mr. A. Stacey, and Ms. C. Stacey filed the Lawsuit in the District Court of Sarpy County, Nebraska seeking a declaratory order to void the marriage, declaratory order to void and invalidate documents, and a declaration of a constructive trust for Decedent's assets due to the dispute over the Decedent's actions in the final days of her life. A true and correct copy of the Docket for the Lawsuit as of the date of this filing is attached as Exhibit J.

40. The Lawsuit concerned actions taken by the Decedent that impacted many of the Decedent's assets including, changes to life insurance policies held by other companies, changes to the Interpled contracts, two survivorship deeds, and a power of attorney.

41. Minnesota Life was not a party to the Lawsuit.

42. The administration of the Interpled Contracts was not at issue in the lawsuit.

43. Trial on the Lawsuit occurred between January 28, 2020 and January 31, 2020.

44. Minnesota Life may not intervene in the Lawsuit pursuant to Neb. Rev. Stat. § 25-328, as it makes no claims against either the Lawsuit plaintiffs or defendants, demands nothing adverse to both the Lawsuit plaintiffs and defendants, and the trial for the Lawsuit has already occurred.

E.   **The Lawsuit Order, Appeal, and Consequential Actions**

45. On or about May 29, 2020, the District Court of Sarpy County issued an Opinion and Order (the "Opinion and Order") issuing final judgment following trial in the Lawsuit. A true and correct copy of the Opinion and Order is attached as Exhibit K.

46. In the Opinion and Order, the District Court of Sarpy County declared that the Decedent "did not possess the requisite mental capacity to conduct the transactions that occurred

in October 2017," and that "the October 2017 transactions executed by [the Decedent] were clearly the product of undue influence by [Mr. G. Meyer] and/or his family members."

47. Additionally, in the Opinion and Order the District Court of Sarpy County ordered, "that Defendants Stephen Gregg Meyer and Mark A. Meyer shall execute any and all instruments necessary to convey any claimed interest in any life insurance policies or accounts of Molly R. Stacey that Defendants acquired after October 1, 2017 to Plaintiffs."

48. The Opinion and Order did not state that the October 15, 2017 Beneficiary Change Request, the October 17, 2017 A063176 Annuity Beneficiary Change Request, and the October 17, 2017 A102690 Annuity Beneficiary Change Request were null and void.

49. If the October 15, 2017 Beneficiary Change Request, the October 17, 2017 A063176 Annuity Beneficiary Change Request, and the October 17, 2017 A102690 Annuity Beneficiary Change Request are all null and void, the Interpled Contracts would pass all contractual rights to the last valid beneficiary declarations.

50. On or about June 26, 2020, Mr. G. Meyer and Mr. M. Meyer noticed their appeal of the Opinion and Order on the Lawsuit.

51. As of the date of this filing, the appeal for the Lawsuit is still pending.

**F.     The Conveyance of Interest**

52. On or about October 21, 2020, Mr. G. Meyer and Mr. M. Meyer signed a Conveyance of Interest. A true and correct copy of the Conveyance of Interest is attached as Exhibit L.

53. The Conveyance of Interest stated:

Steven Greg Meyer and Mark A. Meyer, to comply with the OPINION AND ORDER entered by the District Court of Sarpy County Nebraska on May 29, 2020, Case No. CI 17-1885, finding that the execution of beneficiary changes by Molly Stacey in October of 2017 were done without decisional capacity and as

8

the product of undue influence, and ordering the parties to execute any and all instruments necessary to convey any claimed interest in certain policies, do hereby convey any and all interest in Policy Numbers Al 02690, A063176 and 2484040N of Minnesota Life to Mark J. Malousek, Special Administrator of the estate of Molly R. Stacey, and Austin J. Stacey and Courtney R. Stacey, children of Molly R. Stacey, such that any proceeds of the policy may be distributed in accordance with the prior beneficiary designation by Molly R. Stacey.

54. The Conveyance of Interest purports to transfer the interest of Mr. G. Meyer and Mr. M. Meyer to the Special Administrator of the Estate of Molly R. Stacey.

55. The Conveyance of Interest does not waive all interest in the Interpled Contracts in the event of a successful appeal by Mr. G. Meyer and Mr. M. Meyer.

56. As of the date of this filing, the appeal for the Lawsuit is still pending.

## IV.   CLAIM FOR INTERPLEADER

57. Minnesota Life incorporates the allegations of the paragraphs above as if fully set forth herein.

58. Minnesota Life is a non-liable, disinterested stakeholder with respect to the Interpled Contracts and their proceeds that exposes Minnesota Life to the possibility of double or multiple liability by Defendants' potential competing claims.

59. The Opinion and Order is unclear if the October 15, 2017 Beneficiary Change Request, the October 17, 2017 A063176 Annuity Beneficiary Change Request, and the October 17, 2017 A102690 Annuity Beneficiary Change Request are null and void and therefore Minnesota Life cannot determine which of the Defendants should receive the contractual benefits of the Interpled Contracts.

60. Due to the ambiguity in the Opinion and Order, ruling against Mr. G. Meyer and Mr. M. Meyer in the appeal for the Lawsuit would not be sufficient to resolve Defendants' potential competing claims.

61. Minnesota Life cannot determine whether the Conveyance of Interest transfers an interest in the Interpled Contracts to the Estate of Molly R. Stacey.

62. Due to the Conveyance of Interest's potential transfer of rights to the Estate of Molly R. Stacey, ruling for Mr. G. Meyer and Mr. M. Meyer in the appeal for the Lawsuit will not be sufficient to resolve Defendants' potential competing claims.

63. The Conveyance of Interest does not waive all claims to the Interpled Contracts in the event of a successful appeal by Mr. G. Meyer and Mr. M. Meyer.

64. The appeal of the Lawsuit remains pending.

65. Minnesota Life stands ready, willing, and able to pay the value of the Interpled Contracts, but the Defendants' potential competing claims have created doubt and uncertainty as to who has the legal rights to the Interpled Contracts.

66. Minnesota Life may be prejudiced if it conveys the value of the Interpled Contracts to one or some of the Defendants in the absence of clear guidance from the Court as to which of the Defendants is legally entitled to the value of the Interpled Contracts, and in what amount.

67. Minnesota Life is willing to deposit or surrender the Interpled Contracts or their proceeds into the registry of the Court.

68. Pursuant to Fed. R. Civ. P. 22, Minnesota Life requests that it be permitted to deposit the Life Policy proceeds into the Court to be paid to such other lawful beneficiary as determined by this Court and requests that the Court order the deposit of the A063176 Annuity and A102690 Annuity values. In the alternative, Minnesota Life requests clear guidance from the Court regarding the administration of the A063176 Annuity and A102690 Annuity, should the Defendants request the variable annuities be maintained during the pendency of this case.

69. Upon such deposit and/or order for administration, Minnesota Life requests to be fully discharged of all of its obligations under the Interpled Contracts and for Defendants to be enjoined from any action against Minnesota Life and/or its agents relating to the Interpled Contracts.

70. Minnesota Life further requests its reasonable attorneys' fees and costs incurred in this action. *See Hunter v. Fed. Life Ins. Co.*, 111 F.2d 551, 557 (8th Cir. 1940); *Progressive Universal Ins. Co. v. L.P.*, No. 4:13CV3032, 2013 WL 1820997, at *1 (D. Neb. Apr. 30, 2013).

## V.    PRAYER FOR RELIEF

Minnesota Life respectfully requests as relief an Order:

a. Accepting deposit of the Life Policy proceeds into its registry;

b. Accepting deposit of the variable values of the A063176 Annuity and the A102690 Annuity or, in the alternative, issue an Order regarding the administration of the A063176 Annuity and the A102690 Annuity during the pendency of this matter;

c. Awarding Minnesota Life its reasonable attorneys' fees and costs incurred in bringing this interpleader action pursuant to *Hunter v. Fed. Life Ins. Co.*, 111 F.2d 551, 557 (8th Cir. 1940);

d. Discharging Minnesota Life from liability to each and every Defendant with respect to the Interpled Contracts and their proceeds;

e. Requiring Defendants to bring their claims to the Interpled Contracts or be forever barred from asserting those claims;

 f. Entering judgment establishing Defendants' respective legal rights to the Interpled Contracts; and

 g. Awarding Minnesota Life any further relief as the Court deems just and proper.

January 11, 2021.  Respectfully submitted,

FAEGRE DRINKER BIDDLE & REATH, LLP

By: */s/ Jesse Linebaugh*
Jesse Linebaugh
*jesse.linebaugh@faegredrinker.com*
Kathryn M. Skilton (*Pro Hac Vice* application to be submitted)
*kathryn.skilton@faegredrinker.com*
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309-8011
Telephone: (515) 248-9000
Facsimile: (515) 248-9010

**ATTORNEYS FOR MINNESOTA LIFE INSURANCE COMPANY**