IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MINNESOTA LIFE INSURANCE COMPANY,<br><br>                Plaintiff/<br>                Counterdefendant,<br><br>vs.<br><br>MARK A. MEYER, and STEVEN GREG MEYER,<br><br>                Defendants,<br><br>ESTATE OF MOLLY R. STACEY, COURTNEY R. STACEY, AUSTIN J. STACEY,<br><br>                Defendants/<br>                Counterclaimants. | **8:21CV15**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on plaintiff Minnesota Life Insurance Company's ("Minnesota Life") motion to dismiss, Filing No. 20. This is an interpleader action. The Court has jurisdiction under 28 U.S.C. § 1335. Minnesota Life moves to dismiss the counterclaim filed by the Estate of Molly R. Stacey, Courtney R. Stacey, and Austin J. Stacey (hereinafter, "the Staceys" or "defendants/counterclaimants").

I. BACKGROUND

At issue are the proceeds of a life insurance policy and two annuities that Minnesota Life issued to Molly R. Stacey, who is now deceased. The original beneficiaries of the policies were the decedent's children—Courtney and Austin Stacey. In the days shortly before her death, the decedent married Steven Greg Meyer, designated him as the beneficiary of the policies, and transferred bank accounts and other

1

property to him. The Stacey defendants filed an action in Sarpy County, Nebraska District Court ("state court") alleging undue influence by defendants Mark A. and Steven Greg Meyer ("the Meyers") in state court. See Filing No. 1-11., Ex. K, state court order. The state court found undue influence and declared the marriage of Molly R. Stacey and Steven Greg Meyer a nullity. *Id.* at 4-5. The court ordered the Meyers to "execute any and all instruments necessary to convey any claimed interest in any life insurance policies or account of Molly R. Stacey that Defendants acquired after October 1, 2017 to [the Stacey defendants]." *Id.* at 6. The Meyers filed a notice of appeal but not a supersedeas bond which would have stayed enforcement of the judgment. Filing No. 14, Answer and Counterclaim at 1-2.

Minnesota Life filed this interpleader complaint on January 11, 2021, and the Staceys filed an answer and a counterclaim. Filing No. 1, Complaint; Filing No. 14, Answer and Counterclaim. In their answer and counterclaim, the Staceys characterize the nature of their pleading as a claim to recover proceeds of the interpleaded contracts, together with interest and attorney fees.[1] Filing No. 14, Answer and Counterclaim at 8. They admit that there are three interpleaded contracts but deny there are competing claims that support an interpleader action. *Id.* at 1. The Staceys state that in and after proceedings to enforce the state court judgment, the Staceys furnished Minnesota Life completed claim forms, including conveyances of interest by the Meyers and the Special Administrator of the Estate of Molly R. Stacey that provided that proceeds of the

---

[1] The Staceys seek attorney fees under Neb. Rev. Stat. § 44-359, which provides fees on a finding of wrongful denial of a claim. Minnesota Life also seeks attorney fees in its interpleader complaint. Filing No. 1 Complaint at 11. Generally, attorney fees are available in an interpleader action within the discretion of the court if the interpleader plaintiff is a disinterested stakeholder and is not in substantial controversy with another party. *Federated Mut. Ins. Co. v. Moody Station & Grocery*, 821 F.3d 973, 979 (8th Cir. 2016).

2

interpleaded policies should be paid in accordance with prior beneficiary designations. Filing No. 14, Answer and Counterclaim at 10; *id.*, Ex. T, Cover Letter and Claim Forms; Exs. P and T, Conveyances. In correspondence to Minnesota Life in connection with the claims, the Staceys advised Minnesota Life to anticipate a claim for attorney fees under Neb. Rev. Stat. § 44-359.[2] *Id.*, Ex. V. They allege that "[t]he refusal of Plaintiff to acknowledge the validity of the claims and supporting documents submitted, having no legal or factual basis, is a wrongful refusal to pay a legitimate claim and approaches bad faith on the part of the Plaintiff." *Id.*, Answer and Counterclaim at 11.

The Staceys question the propriety of Minnesota Life's interpleader action and contend that Minnesota Life filed a "redundant and unnecessary case[,]" complicating the issue and allowing Minnesota Life to further delay payment of the proceeds." Filing No. 22, Brief at 9. They argue that the "claim of Minnesota Life that there are competing interests is imaginary and made only to further the interest of Minnesota Life in retaining over a million dollar of proceeds." *Id.* at 10.

Minnesota Life moves to dismiss the counterclaim for failure to state a claim. Filing No. 20. It admits that that the Staceys' allegations amount to what "at best . . . may be construed into an existing cause of action as either a breach of contract action or bad faith action." Filing No. 20-1, Brief at 6. It nevertheless contends that the allegations are not sufficient to state a claim for either. *Id.* It asserts the Staceys' counterclaim is an attempt to hold Minnesota Life "liable for seeking the proper procedure to resolve" competing claims. *Id.* It argues that "no denial of the claim has occurred," and thus "no

---

[2]Pursuant to Neb. Rev. St. § 44-359, an insurance company may be liable for attorneys' fees and costs where "the beneficiary or other person entitled thereto brings an action upon any type of insurance policy . . . against any company, person, or association doing business in this state . . . ." Neb. Rev. Stat. § 44-359.

3

relief may exist for bad faith denial of claims." *Id.* at 12, 4. Further, it asserts that "the existence of the competing claims of the Meyer Defendants is sufficient to find that Minnesota Life did not have 'no reasonable basis for denying the claim' as would be required for a claim of bad faith settlement of an insurance claim." *Id.* at 4.

II. LAW

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3. (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The factual allegations of a complaint are assumed true and construed in favor of the plaintiff. *Id.* "On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. In other words, the complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Id.* at 547. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Though matters outside the pleading may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading." *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (quoting *Enervations, Inc. v. Minn. Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004)). "[T]he contracts upon which [a] claim rests . . . are evidently embraced by the pleadings." *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n. 4 (8th Cir. 2003); *see also Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir.2003) ("In a case involving a contract, the court may examine the contract documents in deciding a motion to dismiss."); *see also Kushner v. Beverly Enters., Inc.,* 317 F.3d 820, 831 (8th Cir. 2003) ("When deciding a motion to dismiss, a court may consider the complaint and documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.").

A district court has original jurisdiction of any interpleader action pursuant to 28 U.S.C. § 1335. The court may exercise supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). "[Supplemental jurisdiction] justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). The court may decline to exercise jurisdiction if the claim raises a novel or complex issue of state law or if the state law claim

5

substantially predominates over the claim over which the federal court has original jurisdiction. 28 U.S.C. § 1367(c)(1) and (2).

Interpleader is designed to protect the stakeholder from double liability and the vexation of multiple lawsuits. *Dakota Livestock Co. v. Keim*, 552 F.2d 1302, 1306 (8th Cir. 1977). The Federal Rules of Civil Procedure, including their joinder provisions, apply in interpleader cases just as they would in any other civil action in federal court. *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 881 (5th Cir. 1998). Once the stakeholder joins the claimants, a claimant may file a counterclaim against the stakeholder as an opposing party. *Wayzata Bank & Trust Co. v. A & B Farms*, 855 F.2d 590, 592–93 (8th Cir. 1988); *see also Keim*, 552 F.2d at 1307 ("it now seems to be settled that Rule 13 which provides for compulsory and permissive counterclaims is applicable to interpleader suits"); *Liberty Nat. Bank & Tr. Co. of Oklahoma City v. Acme Tool Div. of Rucker Co.*, 540 F.2d 1375, 1380 (10th Cir. 1976) (stating "An allegation that the stakeholder is liable to one or more of the claimants may be raised in the form of a counterclaim."); *see also* 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Fed. Prac. and Proc. §§ 1704, 1715 (3d ed. 2001). Damages are not limited to the amount deposited in the interpleader action. *Wayzata Bank*, 855 F.2d at 593; *Keim*, 552 F.2d at 1307. Also, if the party asserting the right to interpleader has acted unfairly to create the underlying conflict necessitating interpleader relief, then that party may not use the interpleader procedure as a shield against counterclaims asserting that the interpleader stakeholder is at fault in creating the subject of the dispute. *Primerica Life Ins. Co. v. Woodall*, 975 F.3d 697, 700 (8th Cir. 2020).

An interpleader action proceeds in two stages: (1) the Court must determine whether the stakeholder is entitled to invoke interpleader, "including whether the court has jurisdiction over the suit, whether the stakeholder is actually threatened with double or multiple liability, and whether any equitable concerns prevent the use of interpleader[;]" and (2) the respective rights of the claimants to the property at stake are determined using the normal litigation process, including pleadings, discovery, motions, and trial. *United States v. Tech. Prod., Inc.*, 497 F.3d 637, 641 (6th Cir. 2007).

Rule 13(a) defines a compulsory counterclaim as one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" and "does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a)(1). To determine a claim arises out of the same transaction or occurrence within the meaning of Rule 13(a), the Eighth Circuit Court of Appeals agrees "with the majority of the federal courts that the logical relation test provides the needed flexibility." *Tullos v. Parks*, 915 F.2d 1192, 1195 (8th Cir. 1990).

III. DISCUSSION

This action is at the initial stage of the litigation—the stage at which the Court determines "[w]hether the stakeholder is actually threatened with double or multiple liability and whether any equitable concerns prevent the use of interpleader." *United States v. Tech. Prod., Inc.*, 497 F.3d 637, 641 (6th Cir. 2007). Minnesota Life contends it is faced with multiple liability and the Staceys, in essence, contend it is not. The Staceys contend that Minnesota Life wrongfully refused to pay their claims, and that competing claims are illusory.

7

Construing the Staceys' allegations as true and giving their allegations the benefit of all reasonable inferences, the Court finds the Staceys fail to sufficiently state claims for either breach of contract or wrongful denial of a claim under state law. The Staceys' claims involve the interpleaded funds and are part of the same nucleus of operative fact and there is a logical relation between the Staceys' claims and the interpleaded funds. However, the Staceys' counterclaim, on its face, fails to state a claim for wrongful denial of a claim and /or for breach of contract because the answer and counterclaim, together with attachments thereto, show that there are competing claims to recover the proceeds of the interpleaded contracts by virtue of the fact that the Meyers have appealed the judgment of the state court.

Contrary to the Staceys' argument, Minnesota Life's contention that there are competing interests is not imaginary. There is a legal and factual basis for Minnesota Life's refusal to acknowledge the validity of the Staceys' claims and its decision to file an interpleader action because an appeal of the state court's order is still pending. Because the state court's decision is not final, Minnesota Life's refusal to pay over the proceeds of the policies and annuities at issue does not amount to a bad faith denial. If the state court decision were reversed after Minnesota Life paid proceeds over to the Staceys, Minnesota Life could be faced with potential double liability. The Meyers' purported conveyance of their interest in the policies does not change that conclusion. The conveyances were executed to comply with the state court order and would be subject to the appeal. Nor does the failure of the Meyers to file a supersedeas bond alter the conclusion. The Staceys are free to execute on and recover the proceeds of the interpleaded policies in this Court. Minnesota Life has been granted leave to deposit the

interpleaded funds in this Court. The Staceys cite no authority for their contention that Minnesota Life was obligated to pay over the proceeds to the state court or to file its interpleader action in the state court.

Accordingly, the Court finds that Minnesota Life's motion to dismiss the Stacey defendants' counterclaim should be granted.

IT IS ORDERED that:

1. Plaintiff/counterclaim defendant Minnesota Life Insurance Company's motion to dismiss (Filing No. 20) defendants/counterclaimants Estate of Molly R. Stacey, Courtney R. Stacey, and Austin J. Stacey's counterclaim is granted.

Dated this 13th day of December 2021.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge