IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MINNESOTA LIFE INSURANCE COMPANY,<br><br>             Plaintiff,<br><br>     vs.<br><br>ESTATE OF MOLLY R. STACEY, COURTNEY R. STACEY, AUSTIN J. STACEY, MARK A. MEYER, and STEVEN GREG MEYER,<br><br>             Defendants. | **8:21CV15**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on motions for summary judgment , Filing No. 29, and to alter or amend, Filing No. 44, filed by defendants Estate Of Molly R. Stacey, Courtney R. Stacey, and Austin J. Stacey ("the Staceys" or "the Stacey defendants"). This is an interpleader action. The Court has jurisdiction under 28 U.S.C. § 1335.

This Court earlier granted plaintiff Minnesota Life's motion to dismiss the Staceys' counterclaim for attorneys' fees. Filing No. 39, Memorandum and Order. The Staceys' motion to alter or amend seeks reconsideration of that order. The Court stands by its earlier order and finds the motion to alter or amend should be denied.

In their motion for summary judgment, the Staceys seek a summary judgment of dismissal of the complaint in interpleader, a judgment in favor of the Staceys and against Minnesota Life for the proceeds of the policies at issue, and attorneys' fees. The request for attorneys' fees is moot and will be denied. Minnesota Life has paid the policy proceeds into Court and the counterclaim against Minnesota Life has been dismissed. Minnesota

1

Life takes no position on any request for general relief on the interpleader complaint by the Stacey Defendants.

As for the merits of the interpleader complaint, Minnesota Life is not properly a defendant, but is a disinterested stakeholder. Nevertheless, a stakeholder will not be dismissed from an interpleader action if its participation in the action is required. *Regions Bank v. Lamb*, No. 4:16-CV-00078-SWW, 2016 WL 4707995, at *4 (E.D. Ark. Sept. 8, 2016). In their briefs in support of the above motions, the Staceys allude to some controversy or disagreement on the amounts, including interest, deposited with the Court.

Since the time of filing, the Interpleader action and the motion to dismiss, the Staceys have prevailed on appeal in the related state court action. While this may ultimately result a superior claim to the interpleaded funds, it does not change the underlying dispute, the appropriateness of the interpleader action, or entitle the Staceys to relief against Minnesota Life. Accordingly, the Court finds that the Staceys' motion for summary judgment against Minnesota Life should be denied.

1. The Stacy defendants' motion for summary judgment (Filing No. 29) is denied.

2. The Stacy defendants' motion to alter or amend (Filing No. 44) is denied.

3. Defendants shall file motions to distribute the interpleaded funds within 30 days of the date of this order; opposing parties shall file responses within 7 days thereafter.

Dated this 11th day of March, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge